1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANDRE LAVONT MCDANIEL,

11                Plaintiff,                          No. 2:11-cv-3041 KJN P

12          vs.

13   FAIRFIELD POLICE DEPARTMENT,
     CVS PHARMACY,
14
                  Defendants.                         ORDER
15
     _____/
16

17          Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief

18   pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to

19   28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1)

20   and Local Rule 302.

21          The court is required to screen complaints brought by prisoners seeking relief

22   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

23   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

24   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

25   granted, or that seek monetary relief from a defendant who is immune from such relief.

26   28 U.S.C. § 1915A(b)(1),(2).

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3    (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

4    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7    Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

8    2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably

9    meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

10   1227.

11   Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

12   plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

13   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

14   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

15   (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more

16   than "a formulaic recitation of the elements of a cause of action;" it must contain factual

17   allegations sufficient "to raise a right to relief above the speculative level."  Id.  However,

18   "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair

19   notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551

20   U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal

21   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept

22   as true the allegations of the complaint in question,  id., and construe the pleading in the light

23   most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other

24   grounds, Davis v. Scherer, 468 U.S. 183 (1984).

25   Plaintiff claims that he was pulled over by a Fairfield police officer and found in

26   possession of prescription medication.  (Dkt. no. 1 at 3.)  Plaintiff's girlfriend retrieved plaintiff's

1    prescription bottles from his house to show the police officer.  Plaintiff alleges that the police

2    officer then phoned the CVS pharmacy, and a pharmacist allegedly "provided the officer with

3    detailed information of that prescription without [plaintiff's] verbal or written consent."  (Id.)

4    Plaintiff alleges that the request and the release of plaintiff's confidential medical information

5    violated plaintiff's civil rights.  (Id.)  Plaintiff does not name the individual police officer or the

6    pharmacist as defendants.

7              The Civil Rights Act under which this action was filed provides as follows:

8              Every person who, under color of [state law] . . . subjects, or causes
               to be subjected, any citizen of the United States . . . to the
9              deprivation of any rights, privileges, or immunities secured by the
               Constitution . . . shall be liable to the party injured in an action at
10             law, suit in equity, or other proper proceeding for redress.

11    42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

12    actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

13    Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend

14    § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976)

15    (no affirmative link between the incidents of police misconduct and the adoption of any plan or

16    policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects'

17    another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an

18    affirmative act, participates in another's affirmative acts or omits to perform an act which he is

19    legally required to do that causes the deprivation of which complaint is made."  Johnson v.

20    Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

21              Medical records are confidential.  California Civil Code § 56.10(a) provides that

22              No provider of health care, health care service plan, or contractor
               shall disclose medical information regarding a patient of the
23             provider of health care or an enrollee or subscriber of a health care
               service plan without first obtaining an authorization, except as
24             provided in subdivision (b) or (c).

25    Id.  However, 42 U.S.C. § 1983 is a remedy for violations of certain federal rights.  Violations of

26    state law are not cognizable under § 1983.  See, e.g., Moreland v. Las Vegas Metro. Police Dep't,

3

1   159 F.3d 365, 371 (9th Cir. 1998) ("state law violations do not, on their own, give rise to liability

2   under § 1983[.]") (citation omitted).

3              Moreover, to the extent plaintiff alleges a violation of the Health Insurance

4   Portability and Accountability Act of 1996 ("HIPAA"), HIPAA created no private right of action.

5   U.S. v. Streich, 560 F.3d 926 (9th Cir. 2009) ("HIPPA does not provide any private right of

6   action."); Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1081 (9th Cir. 2007)

7   ("HIPAA itself provides no right of action."); University of Colorado Hosp. v. Denver Publ'g

8   Co., 340 F. Supp. 2d 1142, 1145 (D.Colo. 2004) (HIPAA statutory text and structure display no

9   intent to create a private right of action, and Act expressly provides a method for enforcing

10  prohibitions, which indicates Congress did not intend to allow an additional private remedy).  Put

11  another way, only the government can bring a claim against a medical provider for violation of

12  HIPAA.  Plaintiff has failed to identify any other alleged federal constitutional violation.

13             Finally, CVS Pharmacy is not a state actor, and does not act under color of state

14  law.  See Lennstrom v. Auburn Community Health Center, 2006 WL 16320 (W.D. Wash. Jan. 4,

15  2006) ("[B]ecause Safeway Pharmacy is not a 'state actor,' the Civil Rights Act, 42 U.S.C.

16  § 1983, does not allow for a cause of action against it.")

17             Accordingly, plaintiff's claim is not cognizable under 42 U.S.C. § 1983, and his

18  complaint must be dismissed.  However, in an abundance of caution, plaintiff's complaint will be

19  dismissed with leave to amend should plaintiff be able to demonstrate his federal constitutional

20  rights have been violated, and can name a culpable defendant.  In the alternative, plaintiff may

21  file a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a).  Voluntarily dismissing this

22  action will prevent plaintiff from incurring the $350.00 filing fee.[1]

23

24         [1]  Court records reflect plaintiff has no other cases in this court.  Because plaintiff cannot
    amend his complaint to state a cognizable HIPAA claim in federal court, this court has refrained
25  from imposing the $350.00 filing fee.  Plaintiff is cautioned, however, that should he choose to
    file an amended complaint rather than a voluntary dismissal, the court will impose the filing fee
26  and direct prison authorities to deduct the filing fee from plaintiff's trust account.  28 U.S.C.

4

1    If plaintiff chooses to amend the complaint, plaintiff must comply with this order

2    and demonstrate how the conditions about which he complains resulted in a deprivation of

3    plaintiff's constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint

4    must allege in specific terms how each named defendant is involved.  Id.  There can be no

5    liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

6    defendant's actions and the claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th

7    Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and

8    conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v.

9    Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

10    In addition, plaintiff is informed that the court cannot refer to a prior pleading in

11    order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

12    complaint be complete in itself without reference to any prior pleading.  This requirement exists

13    because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

14    Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

15    pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

16    original complaint, each claim and the involvement of each defendant must be sufficiently

17    alleged.

18    In accordance with the above, IT IS HEREBY ORDERED that:

19    1.  Plaintiff's complaint is dismissed.

20    2.  Within thirty days from the date of this order, plaintiff shall complete the

21    attached Notice of Compliance and submit the following documents to the court:

22    a.  The completed Notice of Compliance;

23    b.  If plaintiff chooses to amend the complaint, an original and one copy of

24    the Amended Complaint.  Plaintiff's amended complaint shall comply with the requirements of

25    _____

26    § 1915.

5

the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint;" and

                    c.  If plaintiff chooses to amend the complaint, he will be assessed the $350.00 for filing this action

                  3.  Failure to file the Notice of Compliance in accordance with this order may result in the dismissal of this action.

DATED:   December 1, 2011

                            KENDALL J. NEWMAN
                            UNITED STATES MAGISTRATE JUDGE

mcda3041.14

6

1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10    ANDRE LAVONT MCDANIEL,

11              Plaintiff,                                No. 2:11-cv-3041 KJN P

12        vs.

13    FAIRFIELD POLICE DEPARTMENT,
      CVS PHARMACY,                                       NOTICE OF COMPLIANCE

14
              Defendants.

15    _____/

16              Plaintiff hereby submits the following document in compliance with the court's

17    order filed _____:

18              _____        I hereby elect to voluntarily dismiss this action
                                       pursuant to Fed. R. Civ. P. 41(a).
19
                _____        Amended Complaint.  Plaintiff acknowledges
20                                     he will incur the $350.00 filing fee by selecting
                                       this option.
21    DATED:

22

23                                                        _____
                                                          Plaintiff
24

25

26